**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ATLANTIC CASUALTY INSURANCE COMPANY** **PLAINTIFF**

**v.** **Case No. 3:25-cv-00210-KGB**

**JPC FLEET SALES, LLC, *et al.*** **DEFENDANTS**

# ORDER

Before the Court is plaintiff Atlantic Casualty Insurance Company's ("Atlantic") motion to dismiss counterclaims of Anna B. Blevins, as administrator of the estate of Thomas L. Blevins,[1] and motion to dismiss counterclaims of Carey A. Lutz ("Lutz"), as administrator of the estate of Terry Lee Lutz (Dkt. Nos. 10; 17). Blevins and Lutz responded to Atlantic's motion to dismiss counterclaims of Blevins (Dkt. Nos. 15; 16). Atlantic replied (Dkt. Nos. 19; 21). Lutz also responded to Atlantic's motion to dismiss counterclaims of Lutz (Dkt. No. 20). For the following reasons, the Court denies Atlantic's motion to dismiss counterclaims of Blevins and motion to dismiss counterclaims of Lutz (Dkt. Nos. 10; 17).

## I. Procedural Background

On October 1, 2025, Atlantic filed a complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 seeking declaratory judgment to determine the parties' rights and obligations under an insurance policy that Atlantic issued to JPC Fleet Sales, Inc. ("JPC"), Policy Number 1970000253-0 ("Policy") (Dkt. No. 1). On November 7, 2025, Atlantic filed an amended complaint seeking the same relief (Dkt. No. 2). On December 19, 2025, Blevin's answered and

[1] The Court's June 1, 2026, Order substituted Deborah Truby Riordan as ancillary personal representative for the estate of Thomas L. Belvins for Blevins as administrator of the estate of Thomas L. Blevins (Dkt. No. 27). For purposes of this Order, the Court's reference to Blevins's counterclaims are the counterclaims of the substituted party Riordan.

filed counterclaims against Atlantic (Dkt. No. 6). On January 7, 2026, Lutz answered and filed counterclaims against Atlantic (Dkt. No. 7). Atlantic filed motions to dismiss the counterclaims (Dkt. Nos. 10; 17).

**II. Factual Background**

The Estate of Terry Lee Lutz filed an underlying suit against the Estate of Thomas L. Blevins, among others, in the Circuit Court of Jackson County, Arkansas, Case No. 34CV-25-28 ("Underlying Suit"), seeking damages for wrongful death (Dkt. Nos. 6, ¶ 15; 7, ¶ 15).[2]

Blevins and Lutz allege that on October 3, 2023, a multiple-vehicle collision occurred on U.S. Highway 67 in Jackson County, Arkansas, when smoke from a field fire reduced visibility (Dkt. Nos. 6, ¶ 8; 7, ¶ 8). Blevins and Lutz allege that Thomas L. Blevins was driving a vehicle, and Terry Lee Lutz was his passenger (Dkt. Nos. 6, ¶ 8; 7, ¶ 8). Thomas L. Belvins and Terry Lee Lutz died in the collision (Dkt. Nos. 6, ¶ 8; 7, ¶ 8).

Blevins and Lutz allege that, at the time of the October 3, 2023, collision, Thomas L. Blevins was operating a cargo van involved in the multi-vehicle crash alleged in the Underlying Suit (Dkt. Nos. 6, ¶ 9; 7, ¶ 9). Blevins and Lutz allege that Atlantic issued the Policy effective June 25, 2023, to June 25, 2024, which was in force at the time of the October 3, 2023, collision (Dkt. Nos. 6, ¶ 10; 7, ¶ 10; *see* Dkt. No. 2-2, at 7). Blevins and Lutz allege that the Policy provides covered autos liability coverage with limits of $1,000,000 per accident (Dkt. Nos. 6, ¶ 11; 7, ¶ 11; *see* Dkt. No. 2-2, at 7).

Blevins and Lutz allege that, to the extent the vehicle qualifies as a "covered auto" under

[2] Blevins and Lutz's respective answer and counterclaims were filed in a combined document. The Court draws its factual allegations regarding the motions to dismiss from these filings (Dkt. Nos. 6; 7). The answers and counterclaims contain two sets of enumerated paragraphs (*Id.*). The Court's citation to enumerated paragraphs refer to the enumerated paragraphs in the counterclaim sections of those filings (Dkt. Nos. 6, at 12; 7, at 12).

the Policy, Blevins qualifies as an insured pursuant to the Policy's "Who Is An Insured" provisions (Dkt. Nos. 6, ¶ 12; 7, ¶ 12; *see* Dkt. No. 2-2, at 62). Blevins and Lutz allege that the Policy provides that an insured includes "Anyone else while using with your permission a covered auto you own, hire[,] or borrow." (Dkt. Nos. 6, ¶ 13; 7, ¶ 13; quoting Dkt. No. 2-2, at 62). Blevins and Lutz allege, on information and belief, that Thomas L. Blevins was using JPC's vehicle with JPC's permission at the time of the collision, making him an insured under the Policy's permissive user provision (Dkt. Nos. 6, ¶ 14; 7, ¶ 14).

Blevins and Lutz allege that the Underlying Suit alleges that Thomas L. Blevins was negligent in the operation of a motor vehicle, causing the death of Terry Lee Lutz (Dkt. Nos. 6, ¶ 14; 7, ¶ 14; *see* Dkt. No. 6-1; 7-1). Blevins and Lutz allege that the Underlying Suit potentially states a claim covered under the covered autos liability coverage of the Policy—namely, bodily injury caused by a multi-vehicle collision resulting from the use of a covered auto by a permissive user (Dkt. Nos. 6, ¶ 17; 7, ¶ 17). Blevins and Lutz allege that Atlantic has a duty to defend the Estate of Thomas L. Blevins in the Underlying Suit because the allegations in the Underlying Suit, if proven, would fall within the coverage of the Policy (Dkt. Nos. 6, ¶ 18; 7, ¶ 18). Blevins and Lutz allege that Atlantic has a duty to indemnify the Estate of Thomas L. Blevins for any covered judgment or settlement in the underlying suit, up to the applicable limits of the Policy (Dkt. Nos. 6, ¶ 19; 7, ¶ 19).

Blevins and Lutz allege that Thomas L. Blevins was not an employee of JPC (Dkt. Nos. 6, ¶ 20; 7, ¶ 20). Blevins alleges that Thomas L. Blevins was a permissive user who operated vehicle for JPC but was not an employee (Dkt. No. 6, ¶ 20). Lutz alleges that Thomas L. Blevins was a permissive user (Dkt. No. 7, ¶ 20).

Blevins alleges that JPC's owner, Kelly Copeland, has represented that Blevins was not an employee of JPC (Dkt. No. 6, ¶ 21). Blevins alleges that JPC paid Blevins in cash without issuing

W-2s or 1099s and that no documentation exists establishing an employment relationship (Dkt. No. 6, ¶ 21). Lutz alleges that no documentation exists establishing an employment relationship between Thomas L. Blevins and JPC (Dkt. No. 7, ¶ 21).

## III. Legal Standard

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, "a complaint must allege sufficient facts to state a facially plausible claim for relief." *Ingram v. Arkansas Department of Correction*, 91 F.4th 924, 927 (8th Cir. 2024). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court liberally construes the complaint and makes all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). However, the Court does not accept a plaintiff's conclusory allegations or legal conclusions as true. *Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

## IV. Summary Of Arguments

Atlantic, asserting functionally identical arguments, argues that Blevins and Lutz's counterclaims should be dismissed (Dkt. Nos. 12; 18). As a preliminary matter, the parties raise choice of law questions in their briefing (*See* Dkt. Nos. 12; 15; 16; 18; 20). Atlantic claims that the Policy contains no choice of law provision, but Atlantic states that Arkansas, Ohio, and North

Dakota law do not conflict regarding the law governing intended third-party beneficiaries under a contract (Dkt. No. 12, at 5). Blevins and Lutz do not dispute these choice of law provisions, but they argue that Arkansas law applies to the question of who has the burden to prove an exclusion to an insurance policy applies.

Atlantic argues that Blevins and Lutz fail to allege specific facts that Blevins was not an employee of JPC (Dkt. Nos. 12, at 6; 18, at 6–7). Atlantic argues that, under the Policy, coverage is excluded for acts by employees, and accordingly, Blevins and Lutz are excluded (Dkt. Nos. 12, at 7; 18, at 7). Atlantic also argues that an endorsement to the Policy that expands employee injury exclusions to independent contractors applies here (Dkt. Nos. 12, at 7; 18, at 7–8).

In response to the motion to dismiss her counterclaims, Blevins argues that she has alleged sufficient facts to show that Thomas L. Blevins was a permissive user under the Policy (Dkt. No. 16, at 6). Blevins also argues that Atlantic's response misallocates the burden of proof regarding the applicability of policy exclusions (*Id.*, at 7–10). Blevins argues that Atlantic has the burden of proof to show that an exclusion applies, not that Blevins has the burden of proof to show that an exclusion does not apply (*Id.*). Finally, Blevins argues that extrinsic evidence that Blevins has invoked demonstrates that the exclusions do not apply.

In response to Atlantic's motion to dismiss Blevins's counterclaims, Lutz argues that Blevins has alleged sufficient facts at the motion to dismiss stage (Dkt. No. 15, at 8). Lutz argues that Blevins's facts, accepted as true, state a claim for relief (*Id.*). Lutz also argues that discovery is needed because there are disputed issues in the case and the policy may be incomplete (*Id.*, at 9–10). Lutz argues that Atlantic misallocates the burden of proof to Blevins to plead facts to show that an exception does not apply (*Id.*, at 10). Lutz also argues that the Court should abstain (*Id.*, at 11). In response to Atlantic's motion to dismiss Lutz's counterclaims, Lutz raises the same

arguments regarding the sufficiency of facts alleged, discovery and the completeness of the policy, which party bears the burden of proof regarding exclusions, and abstention (Dkt. No. 20).

## V. Analysis

### A. Choice Of Law

The Court begins its analysis with choice of law because that issue determines the burden of proof that informs whether Blevins and Lutz state a counterclaim upon which relief can be granted. Atlantic's briefs and replies do not address choice of law with respect to the burden of proof on exclusions, but Atlantic suggests that either Arkansas, Ohio, or North Carolina law may apply to this dispute (Dkt. Nos. 12, at 5–6; 18, at 5–6).[3] Blevins and Lutz argue that Arkansas law applies under the *lex loci delicti* test which examines the state where the injury occurred (Dkt. No. 15, at 5) (citing *McAvoy v. Texas Eastern Transmission Corp.*, 187 F. Supp. 46, 49 (W.D. Ark. 1960).[4] Atlantic does not object to Arkansas law with respect to which party bears the burden of proof regarding an exclusion in an insurance policy.

After conducting its own choice of law analysis, the Court determines that the Court need not decide between the laws of Arkansas, Ohio, or North Carolina to rule on Atlantic's motions to dismiss the counterclaims and the issue of whether Atlantic, as the insurer, bears the burden of proof as to an exclusion. As a federal court sitting in diversity jurisdiction, the Court applies the state substantive law of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Arkansas, Ohio, and North Carolina follow the majority rule articulated in the Restatement of Liability Insurance: an insurer bears the burden of proving that a claim falls within the scope

---

[3] Atlantic's choice of law arguments relate to intended beneficiaries under a contract and not about the burden of proof with regard to an exclusion (Dkt. Nos. 12, at 5–6; 18, at 5–6).

[4] The Arkansas Supreme Court abandoned the test cited in *McAvoy* and replaced the test with consideration of the "five choice-influencing factors. . . to soften the formulaic approach of *lex loci delicti*." *Shelby Cnty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836 (8th Cir. 2017) (internal quotations omitted).

of an exclusion in the policy (Restatement of Liability Insurance § 32 (A.L.I 2019); *see McSparrin v. Direct Ins.*, 283 S.W.3d 572, 574 (Ark. 2008) (citing *Arkansas Farm Bureau Ins. Fed'n v. Ryman*, 831 S.W.2d 133, 134 (Ark. 1992)); *Neal-Pettit v. Lahman*, 928 N.E.2d 421, 424 ¶ 19; *Cato Corp. v. Zurich Am. Ins. Co.*, 909 S.E.2d 144, 149 (N.C. 2024).

### B. Motion To Dismiss

The Court finds that Blevins and Lutz have plausibly alleged a claim upon which relief can be granted. Blevins and Lutz have the burden of proving coverage under an applicable provision of the Policy. *See Westfield Ins. Co. v. Robinson Outdoors, Inc.*, 700 F.3d 1172, 1174 (8th Cir. 2012) ("An insured must initially establish that a claim is covered by its insurance policy."). If Blevins and Lutz allege facts that could plausibly support coverage under an applicable provision of the policy, then they state a claim upon which relief may be granted.

In their counterclaims, Blevins and Lutz allege that: (1) Thomas L. Blevins drove a van during an accident where his passenger, Terry Lee Lutz, died; (2) the Policy issued by Atlantic provided liability coverage of $1,000,000; (3) the Policy covered permissive drivers; (4) Thomas L. Blevins was a permissive driver; and (5) the Estates have made claims under the Policy that Atlantic has denied.

Accepting all factual allegations in Blevins and Lutz's counterclaims as true, Blevins and Lutz sufficiently state claims for declaratory relief. Blevins and Lutz state a claim to coverage under the policy by stating facts that plausibly entitle them to coverage under the permissive user provisions of the Policy. Atlantic acknowledges as much in its reply (Dkt. Nos. 19, at 1; 21, at 1 (acknowledging that the counterclaims allege facts supporting coverage under the permissive user provision but arguing that the analysis should continue with employee and independent contractor

exclusion analysis)).

Atlantic takes issue with Blevins and Lutz's pleadings because the counterclaims do not squarely address the exclusions that Atlantic invokes in its amended complaint. That is, Atlantic argues that Blevins and Lutz do not allege facts to disprove Atlantic's position that the employment exclusion does not apply or that the independent contractor exclusion does not apply (Dkt. Nos. 19, at 1; 21, at 1). However, Blevins and Lutz do not have the burden of proof on these exclusions and need not plead those facts to state a claim. If Blevins and Lutz meet their burden of proving coverage, the burden shifts to Atlantic to prove the conduct falls into an applicable exclusion in the Policy. *See McSparrin*, 283 S.W.3d at 574; *Neal-Pettit*, 928 N.E.2d at 424; *Cato Corp*, 909 S.E.2d at 149; *see generally* Restatement of Liability Insurance § 32 (A.L.I 2019). At this point in the litigation, Blevins and Lutz have no burden to plead facts sufficient to defeat Atlantic's alleged policy exclusions.

**VI. Abstention**

Lutz also requests the Court use its discretion to abstain from this case (Dkt. Nos. 15, at 11; 20, at 11–12). Atlantic replied but did not address abstention (Dkt. No. 21). The Court determines on the limited record before it that abstention is appropriate at this time. Accordingly, the Court stays this case pending resolution of the Underlying Suit or, to the extent it is resolved, discovery related to the factual issues upon which insurance coverage turns.

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (internal quotation marks omitted). Federal courts have "the virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 US 800, 817 (1976). However, the Supreme Court has expressed that the "[d]istinct features of the Declaratory Judgment Act, . . . justify a standard

vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Where an action seeks declaratory judgment, "obligatory jurisdiction yields to considerations of practicality and wise judicial administration." *Detco*, 426 F.3d at 997.

"The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a 'parallel' state court action involving questions of state law is pending." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (2013). When there are parallel proceedings, the doctrine known as *Wilton-Brillhart* applies. *Wilton*, 515 U.S. 277; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). If the proceedings are parallel, the court should abstain because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

The *Brillhart* standard raises the threshold question of "whether the state and federal proceedings are parallel." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). For parallel proceedings to exist, there must be a substantial similarity "between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceedings will fully dispose of the claims presented in federal court." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009); *see Detco*, 426 F.3d at 997 ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.") (internal quotations omitted). Parallel proceedings pending in state court do not exist where: "(1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance

coverage." *Continental Casualty Co. v. Advance Terrazzo & Tile Co., Inc.*, 462 F.3d 1002, 1006 (8th Cir. 2006); *see also Detco,* 426 F.3d at 997.

When there are no parallel state court proceedings, the Court applies a six-factor test from *Detco*:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Continental*, 462 F.3d at 1006 (quoting *Detco*, 426 F.3d at 998).

When a district court exercises its discretion to abstain in a declaratory judgment action because of parallel litigation, it is generally appropriate to stay, rather than dismiss, the federal action. *See Wilton*, 515 U.S. at 288 n.2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter."); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008) (affirming the district court's decision to abstain under *Brillhart-Wilton* but vacating the dismissal order and remanding for the lower court to enter a stay).

The Court determines that there is no parallel proceeding in this case. Here, Atlantic's declaratory judgment action is like the declaratory judgment actions in *Continental Casualty Co.* Atlantic is not a party to the suit pending in state court, and the state court action involves issues regarding the insured's liability, not matters of insurance coverage. *Continental*, 462 F.3d at 1006.

Given these differences, the Court finds that the Underlying Suit and this action are not parallel proceedings. Because there is no parallel proceedings, the Court applies the six factor *Detco* analysis.

After carefully reviewing each of the six factors set forth in *Detco*, the Court determines on the limited record before the Court, abstention is warranted and that a stay of the instant declaratory judgment action is appropriate.[5]

Weighing in favor of proceeding in this Court are the first and second *Detco* factors. Here, the declaratory judgment action would clarify the legal relations at issue between Atlantic, Blevins, and Lutz. Moreover, this declaratory judgment action would terminate the uncertainty, insecurity, and controversy giving rise to this insurance coverage action. However, under the totality of the circumstances, the Court determines that the factual issues that determine whether coverage applies may be more efficiently resolved in the court in which the Underlying Suit is pending and that a concurrent federal action would result in entanglement between the federal and state system because of duplicative discovery stemming from overlapping issues of fact. The applicability of the exclusions that Atlantic cites necessarily depend on facts that are subject to discovery in the Underlying Suit. At this point and on the limited record before the Court, the resolution of those issues is ongoing in the Underlying Suit. The Court sees no purpose in conducting dual discovery in state and federal court where discovery on the factual issues that will determine whether a coverage exclusion applies is already underway in state court.

The Court directs the parties to, within 30 days of the entry of this Order, update the Court on the status of the Underlying Suit, to the extent they are privy to those matters. In particular, the Court directs Blevins and Lutz to update the Court with respect to discovery regarding Thomas

[5] The Court determines that *Detco* factor two and six are neutral in this case.

Blevins' status as an employee or an independent contractor.

To the extent that Atlantic does not believe that discovery is needed in this case to determine whether an exclusion applies, the Court directs Atlantic to file within 30 days of this Order a status update or an appropriate motion for relief, notwithstanding discovery.

**VII. Conclusion**

For the foregoing reasons, the Court denies Atlantic's motion to dismiss the counterclaims of Blevins (Dkt. No. 10) and denies Atlantic's motion to dismiss the counterclaims of Lutz (Dkt. No. 17). The Court stays the case. The Court directs the parties to, within 30 days of the entry of this Order, update the Court on the status of the Underlying Suit, to the extent they are privy to those matters. In particular, the Court directs Blevins and Lutz to update the Court with respect to discovery regarding Thomas Blevins' status as an employee or an independent contractor. To the extent that Atlantic does not believe that discovery is needed in this case to determine whether an exclusion applies, the Court directs Atlantic to file within 30 days of this Order a status update or an appropriate motion for relief, notwithstanding discovery.

It is so ordered this 28th day of August, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge